## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BENJAMIN T. POST,
      Appellant,

     v.

DEPARTMENT OF JUSTICE,
      Agency.

DOCKET NUMBER
CH-1221-15-0699-W-1

DATE: May 12, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Denis P. McAllister, Esquire, Glen Cove, New York, for the appellant.

Ellen L. Harrison, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as modified in paragraph 8 to clarify that time prescriptions are not jurisdictional, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant, a GS-13 Criminal Investigator, filed a complaint with the Office of Special Counsel (OSC) in December 2014 alleging that agency officials had lowered his performance rating in retaliation for his protected disclosures. Initial Appeal File (IAF), Tab 1 at 1, 9.  In a close-out letter dated June 26, 2015, OSC notified the appellant that it was closing its inquiry into his allegations and informed him of his right to file a request for corrective action with the Board within 65 days after the date of the letter.  *Id.* at 8.

¶3        On September 22, 2015—88 days after the date of the close-out letter—the appellant, through his attorney, mailed an IRA appeal to the Board.  *See id.* at 32. The administrative judge issued an order on timeliness notifying the appellant that his IRA appeal appeared to be untimely filed by 23 days and ordering him to submit evidence and argument showing that the appeal was timely filed or that equitable tolling should apply.  IAF, Tab 4 at 1-3.  In response, the appellant's attorney submitted a sworn declaration acknowledging that the appeal was untimely filed, but asking that the filing deadline be waived on the basis of

equitable tolling because he, the attorney, was solely responsible for the late filing and the appellant was adjusting to a new duty station in Puerto Rico during the filing period, which "kept [him] from repeatedly contacting his legal counsel regarding the progression of his Whistleblower case." IAF, Tab 7 at 3, 6, 9. The attorney explained that he miscalculated the filing deadline because he was very busy with other casework and his eyesight had become worse than he realized, which caused him to misread the date on the OSC close-out letter as "July 26, 2015," rather than "June 26, 2015." *Id.* at 3-10. In an initial decision based on the written record, the administrative judge dismissed the appeal as untimely filed, finding that the appellant filed the appeal approximately 3 weeks late and that he failed to establish grounds for equitable tolling of the time limit. IAF, Tab 13, Initial Decision (ID) at 3-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        The appellant, through his attorney, has filed a petition for review of the initial decision, arguing that the administrative judge erred by dismissing the IRA appeal as untimely filed because the Board has the authority to invoke equitable tolling in this case on the basis of the factual circumstances described in the attorney's declaration below.[2] Petition for Review (PFR) File, Tab 1; *see* IAF, Tab 7. Specifically, the appellant argues that his attorney's degraded physical condition, of which the appellant was unaware, impacted the attorney's ability to

---

[2] The appellant also asserts on review that the issue of whether equitable tolling may be applied in appeals arising under 5 U.S.C. § 1221 "has never been squarely addressed by the Board and we are seeking to have the question answered[.]" PFR File, Tab 1 at 3. Because, as discussed below, we agree with the administrative judge that the appellant has alleged no facts that would bring him within the doctrine of equitable tolling, we need not, and do not, decide whether the doctrine of equitable tolling may be invoked in appropriate circumstances to excuse an untimely filed IRA appeal. *See* 5 U.S.C. § 1204(h) (the Board is prohibited from issuing advisory opinions); *see also Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 591-93 (1992) (finding no circumstances to suggest that equitable tolling, even if it could be applied, warranted a waiver of the filing deadline).

timely file this IRA appeal and that the appellant, who had recently relocated to Puerto Rico, acted reasonably in relying upon his experienced counsel to comply with the statutory deadlines.  PFR File, Tab 1 at 4.

¶5        Under 5 U.S.C. § 1214(a)(3)(A), once OSC closes its investigation into a complaint, an appellant may file an IRA appeal with the Board within 60 days. Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt.  5 C.F.R. § 1209.5(a)(1).  Here, it is undisputed that the appellant, through his attorney, filed the IRA appeal nearly 3 weeks past the filing deadline.  PFR File, Tab 1 at 2; *see* IAF, Tab 1 at 8, 32.

¶6        Notwithstanding the implementing provisions of 5 C.F.R. § 1209.5(a), the filing period for an IRA appeal is statutory—not regulatory.  5 U.S.C. § 1214(a)(3)(A); *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 9 (2014).  Unlike the Board's regulatory time limits for appeals filed under 5 U.S.C. § 7701, the statutory time limit for filing an IRA appeal cannot be waived for good cause shown because there is no statutory mechanism for doing so.  *Heimberger*, 121 M.S.P.R. 10, ¶ 9.  However, the filing deadline might be subject to equitable tolling, under which the filing period is suspended for equitable reasons, such as when the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass or where he filed a defective pleading during the statutory period.  *Wood*, 54 M.S.P.R. at 593 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the litigant has been pursuing his rights diligently and some extraordinary circumstances stood in his way.  *Heimberger*, 121 M.S.P.R. 10, ¶ 10.  Equitable tolling does not extend to mere "excusable neglect."  *Wood*, 54 M.S.P.R. at 593 (quoting *Irwin*, 498 U.S. at 96).

¶7    Here, as noted above, the appellant, through his attorney, urges the Board to apply equitable tolling to excuse his untimely filing because his attorney miscalculated the filing deadline and misread the date of the OSC close-out letter due to deteriorating vision, and the appellant reasonably relied on his experienced attorney to timely file the appeal. PFR File, Tab 1 at 3-4; *see* IAF, Tab 7 at 2-9. These circumstances, while unfortunate, do not constitute the type of extraordinary circumstances that warrant tolling a statutory deadline. *See Irwin*, 498 U.S. at 96; *Heimberger*, 121 M.S.P.R. 10, ¶¶ 10-12; *Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶¶ 10-11, *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010). Therefore, we agree with the administrative judge that the appellant's IRA appeal was untimely filed and that he has not alleged any circumstances that would warrant the application of equitable tolling to excuse his untimeliness. ID at 3-5.

¶8    Although we generally agree with the administrative judge's analysis of this case, we wish to clarify the legal basis for the dismissal. The initial decision states at one point that the appeal is dismissed because the Board lacks jurisdiction over the appeal. ID at 2. However, time prescriptions are not jurisdictional. *Heimberger*, 121 M.S.P.R. 10, ¶ 13. The correct disposition for this case is dismissal as untimely filed and, because the appeal is dismissed on timeliness grounds, we do not reach the jurisdictional issue. *See id.*

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.